**Electronically Filed**
**Intermediate Court of Appeals**
**CAAP-11-0000591**
**28-DEC-2011**
**02:48 PM**

NO. CAAP-11-0000591

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAI'I

JAMES J. PAPPAS, Plaintiff-Appellee,
v.
CHAD DURAN and JONNAVEN MONALIM, Defendants-Appellants,
and
MILES KIMHAN, Defendant

APPEAL FROM THE CIRCUIT COURT OF THE FIRST CIRCUIT
(CIVIL NO. 09-1-1606)

ORDER DISMISSING APPEAL FOR LACK OF JURISDICTION
(By: Nakamura, Chief Judge, Foley and Reifurth, JJ.)

Upon review of Defendants-Appellants Chad Duran
(Appellant Duran) and Jonnaven Monalim's (Appellant Monalim)
appeal from the Honorable Gary W.B. Chang's July 6, 2011

judgment, it appears that we lack jurisdiction over this appeal because the July 6, 2011 judgment does not satisfy the requirements for an appealable final judgment under Rule 58 of the Hawai'i Rules of Civil Procedure (HRCP) and the holding in Jenkins v. Cades Schutte Fleming & Wright, 76 Hawai'i 115, 119, 869 P.2d 1334, 1338 (1994).

Hawai'i Revised Statutes (HRS) § 641-1(a) (1993 & Supp. 2010) authorizes appeals from final judgments, orders, or decrees. Appeals under HRS § 641-1 "shall be taken in the manner . . . provided by the rules of court." HRS § 641-1(c). "Every judgment shall be set forth on a separate document." HRCP Rule 58. Based on this requirement under HRCP Rule 58, the Supreme Court of Hawai'i has held that "[a]n appeal may be taken . . . only after the orders have been reduced to a judgment and the judgment has been entered in favor of and against the appropriate parties pursuant to HRCP [Rule] 58[.]" Jenkins v. Cades Schutte Fleming & Wright, 76 Hawai'i at 119, 869 P.2d at 1338.

> [I]f a judgment purports to be the final judgment in a case involving multiple claims or multiple parties, the judgment (a) must specifically identify the party or parties for and against whom the judgment is entered, and (b) must (i) identify the claims for which it is entered, and (ii) dismiss any claims not specifically identified[.]

Id. (emphases added).

> For example: "Pursuant to the jury verdict entered on (date), judgment in the mount of $___ is hereby entered in favor of Plaintiff X and against Defendant Y upon counts I through IV of the complaint." A statement that declares "there are no other outstanding claims" is not a judgment. If the circuit court intends that claims other than those listed in the judgment language should be dismissed, it must say so: for example, "Defendant Y's counterclaim is dismissed," or "Judgment upon Defendant Y's counterclaim is entered in favor of Plaintiff/Counter-Defendant Z," or "all other claims, counterclaims, and cross-claims are dismissed."

Id. at 119-20 n.4, 869 P.2d at 1338-39 n.4 (emphases added).

When interpreting the requirements for a judgment under HRCP

Rule 58, the Supreme Court of Hawai'i noted that

> [i]f we do not require a judgment that resolves <u>on its face</u>
> all of the issues in the case, the burden of searching the
> often voluminous circuit court record to verify assertions
> of jurisdiction is cast upon this court. Neither the
> parties nor counsel have a right to case upon this court the
> burden of searching a voluminous record for evidence of
> finality[.]

Jenkins, 76 Hawai'i at 119, 869 P.2d at 1338 (original emphasis).

A judgment that does not specifically identify the claim or

claims on which it enters judgment requires an appellate court to

search the often voluminous record on appeal in order to

determine the specific claim or claims on which judgment is

entered. As the Supreme Court of Hawai'i has explained, "we

should not make such searches necessary by allowing the parties

the option of waiving the requirements of HRCP [Rule] 58." Id.

"[A]n appeal from any judgment will be dismissed as premature if

the judgment does not, <u>on its face</u>, either resolve all claims

against all parties or contain the finding necessary for

certification under HRCP [Rule] 54(b)." Id. (emphasis added).

Although Plaintiff-Appellee James J. Pappas's (Appellee

Pappas) complaint asserted two separate and distinct counts

against Appellant Duran, Appellant Monalim and Defendant-Appellee

Miles Kimhan (Appellee Kimhan), the July 6, 2011 judgment does

not specify the count or counts on which the circuit court

intends to enter judgment. Consequently, the July 6, 2011

judgment fails to sufficiently identify the claim or claims on

which the circuit court intends to enter judgment in this

multiple-claim case. Furthermore, although the July 6, 2011 judgment purports to be "a [f]inal [j]udgment disposing of all remaining parties and issues in this [a]ction[,]" the July 6, 2011 judgment does not expressly enter judgment on, or dismiss, Appellee Pappas's complaint as to Appellee Kimhan. Therefore, the July 6, 2011 judgment does not resolve all claims against all parties in this case, as HRCP Rule 58 requires for an appealable judgment under the holding in Jenkins.

Absent the entry of an appealable final judgment, this appeal is premature, and we lack appellate jurisdiction over Appeal No. CAAP-11-0000591. Accordingly,

IT IS HEREBY ORDERED this appeal is dismissed for lack of appellate jurisdiction.

DATED: Honolulu, Hawaiʻi, December 28, 2011.

Chief Judge

Associate Judge

Associate Judge